**Varditer SIMONYAN; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70588.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument and therefore we deny Simonyan's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Artem M. Sarian, Glendale, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Michelle E. Gorden Latour, R. Alexander Goring, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Varditer Simonyan and her son, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir. 2006). We deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination because Simonyan testified inconsistently with her asylum application regarding issues that go to the heart of her claim, including who beat her husband after he gave a political speech in 1997, whether her husband reported the beating to the police, and the circumstances surrounding her son's abduction. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Accord-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ingly, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because petitioners' CAT claim is based on the same testimony the agency found not credible, and they point to no other evidence the agency should have considered, petitioners have failed to establish eligibility for CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**